### PROBATE COURT *vs.* JUSTUS ROGERS *et al.*

When the supreme court, upon the petition of the heirs of an estate, on the ground of fraud, accident or mistake, order an appeal from the decision of commissioners, allowing a claim to be entered in the county court, which is accordingly done by the clerk, whereupon the claimant files his declaration and proceeds to prosecute his suit from term to term, and finally suffers a non-suit, he cannot afterwards sustain an action against the administrator for the original allowance of commissioners, although no record of an appeal appears in the probate court.

In such case, the order of the supreme court, to the court below, to enter the appeal, vacates the allowance of commissioners.

To the statement of the case incorporated into the opinion of the court, it may be necessary to add, that from the pleadings it seems, that the defendant, who was administrator on the estate of Barker at the time this claim of Jarvis was allowed by commissioners, entered an appeal, but afterwards caused the minutes thereof to be erased; that Jaazaniah Barrett, Jr. and his wife, who were heirs of the estate, supposing such appeal would be prosecuted, omitted to enter one in their own names; that the supreme court, upon petition of the said Jaazaniah and wife, on the ground of fraud, accident or mistake, permitted them to enter an appeal and prosecute the same in the name of the administrator, and that the appeal was accordingly entered by them.

*Royce and Smith for plaintiff.*—The plaintiff insists, that the proceedings in the county court were extra judicial and not binding on him.

1. Because the record set forth in the plea in bar does not show that the defendant ever took his appeal from the probate court.

2. The court will take notice of the records of the under court. It appears that the cause was entered by its title, in the usual way,

by the clerk, whereupon the creditor filed his declaration, but find-
ing no record in the probate court, he might well suppose the claim-
ant had abandoned his claim, and would pursue his claim no further
in a court where the defendants had leave to enter their appeal,
but had not done so.

The second plea in bar does not aver, that under the issue the
merits of the claim were adjudicated upon, and as this was regard-
ed as not being the main question to be tried before the court, and
it does not appear that the debt has been satisfied, the court will
permit the plaintiff to reply to that plea, and not defeat a large
claim.

*R. H. Thrall, for defendants, contended*—1. That there having
been an appeal taken in point of fact by the administrator from the
allowance of such claim, and the administrator having omitted to
prosecute the same, and the said Jaazaniah and wife having been
permitted to prosecute the same in the name of the administrator,
it was unnecessary to enter such appeal anew in the probate court,
that it was sufficient to enter the same in the county court, and
that the judgment on such appeal, so certified to the probate court,
must be final and conclusive.

2. That after leave so given by the supreme court as aforesaid
to pursue such appeal and enter the same, if the claimant goes for-
ward, files his declaration, prosecutes his claim, and takes repeated
trials, without objecting to the manner in which said cause is
brought before the court, the court will intend that every thing has
been done to properly bring the parties before the court, or that,
at all events, if such be not the case, all objections are waived by
the parties so appearing.

The opinion of the court was delivered by

MATTOCKS, J.—This was an action of debt upon bond, and the
breach assigned was, not paying a sum allowed the plaintiff by the
commissioners on the estate of Erastus Barker, deceased, as or-
dered by the judge of probate, of which estate, the defendant,
Rogers, was the administrator, and who pleaded three pleas in bar.
The two first were alike in substance, and stated that he represent-
ed Barker's estate as insolvent, and commissioner's were duly ap-
pointed, and allowed the plaintiff the sum by him claimed, and
returned their doings to the probate court, which were approved
and allowed; and that afterwards one Jaazaniah Barrett, Jr. and
Sally Barrett his wife, she being the daughter and heir at law of
Erastus Barker, petitioned the supreme court for leave to enter an

RUTLAND,
February,
1835.
Probate Court
vs.
Rogers, et al.

appeal from said probate court against said allowance, for the reasons therein set forth, they having been prevented taking an appeal, by fraud, accident or mistake. Whereupon said petition was granted by the supreme court, and it was ordered that they be allowed to enter their appeal in the county court on condition that they give bonds as surety for costs to said Jarvis in the sum of $100, which condition being complied with, said Jarvis came into court at the April term, 1828, and filed his declaration against said Justus, administrator of said estate, to which the said Justus duly pleaded; whereupon such proceedings were had in said cause, that after the same had been twice before the supreme court, and remanded to the county court, by granting new trials, at the September term, 1831, of the county court, the said Jarvis became non-suit in said cause, and the said Justus recovered his costs; and the said court ordered the proceedings to be duly certified to the probate court, which was done before any order to pay said sum allowed by the commissioners was by the probate court made.

The third plea alleges that the said Jarvis, in the name of one Chester Spencer, impleaded Jaazaniah Barrett, Jr. who had signed the same note that was originally allowed by the commissioners with said Howe, before the county court, April term, 1828; and such proceedings were had, that at the April term, 1830, said Barrett recovered a judgment in his favor against the plaintiff for his, the defendant's cost; and the said Justus makes a profert of said several judgments and proceedings. To which the plaintiff replies, that there is not any record of said supposed recovery, non-suit, judgment, appeal, and other proceedings in said several pleas mentioned, &c. Upon the inspection of the records produced, the county court adjudged that there were such records, and now upon an appeal they are submitted for our decision.

That there are such records in form, is not denied, but there are several objections to the effect of them in point of law. First, as to the record of the proceedings mentioned in the two first pleas. It is objected, that there is no record of any appeal in the probate court, and in the county court there was only the name of the action on the docket, with no files or record to support it; and therefore, although the plaintiff filed his declaration and proceeded to several trials, at last, finding no copies in the clerk's office to support an appeal, he had a right to treat the proceedings as a nullity, suffer a non-suit and resort to the original allowance before the commissioners. The 93d section of the probate act allows a creditor to appeal from the disallowance of any claim to the amount of

§20. The 94th section allows the party aggrieved to file objec- tions to the allowance of any claim, which is to operate as an appeal; and in both cases the creditor is to file his declaration in the county court, upon which the trial is to be had; and the 96th section declares, that if the administrator declines or is interested, any creditor, heir or legatee may file objections to and defend against any claim on such estate; and it is added, "and every creditor, legatee or heir, appealing from or filing objections to the determination of commissioners, or defending against any claim, shall give bonds," &c.; and the statute No. 41, relating to judicial proceedings, authorizes the supreme court to "sustain any petition for an appeal, or for leave to enter an appeal from any judgment of any county court, or from any order, sentence or decree, of any probate court, or from any determination of commissioners on insolvent estates, in cases only which by law are appealable, in any case where the petitioner has been prevented from taking or entering an appeal by fraud, accident or mistake." Under this law, the heir of the intestate and her husband petitioned the supreme court for relief, and the court sustained the petition, "and it was considered by the court that said petitioners be allowed to enter their appeal from the decision of the commissioners in the county court," at the April term, 1828. The propriety of this decision has not been questioned in the argument. As the supreme court had jurisdiction of the subject, their decision was conclusive, and they might well have considered, that although the objecting to a claim is to be by filing objections, and appealing in terms is-only where a claim is disallowed; yet it is in the nature of an appeal, and may fairly be considered as coming within the spirit of this remedial act.

The petition upon which the order was granted stated as a reason, that the petitioners, in the name of the administrator, had taken an appeal; but that the administrator, without their knowledge, had abandoned said appeal, and caused the minutes thereof to be erased. The record now produced from the county court is entitled, *Leonard Jarvis* vs. *Administrator of Erastus Barker appellant*, and recites, that at the April term, 1828, said Jarvis came into court by his attorney and filed his declaration, which is recited, and then follows the after proceedings as before stated. The authority of the county court clerk to enter an appeal or action was, the order of the supreme court. As there once was an appeal allowed by the probate court, it might have been proper for the appellant to have produced a copy also of that; but if that had

26

RUTLAND,
February,
1835.
Probate Court
vs.
Rogers et al.
been erased, it no longer existed, and could not be produced, and then it would be as if the petition and order had been "for an appeal;" in which case nothing but the order of the supreme court peal;" in which case nothing but the order of the supreme court could be produced or acted upon by the clerk. But all this inquiry comes the "day after the fair." As the appellant had authority to enter his appeal, and did in fact enter the action, and the plaintiff, in lieu of objecting for want of copies, or any other formality, impleaded the defendant by filing his declaration, and went down and then up to various trials for three years, and at last suffered judgment against him by non-suit; and then says there has been no entry of an appeal, and therefore the original allowance of the commissioners remains as a valid judgment. This is quite preposterous, as the court had jurisdiction of the subject matter and sustained the appeal. Then the judgment below was vacated, and the creditor has no debt of record. It is not upon the ground, that the plaintiff's debt has been extinguished by a judgment upon the merits, for it was a judgment of non-suit, that the plaintiff is not entitled to recover; but because the judgment below was vacated by the appeal, and the moment so much was done in the county court as was required by the order of the supreme court to perfect the appeal, then the finding and allowance by the commissioners, as accepted by the probate court, became vacated, and the order of the judge of probate upon the administrator to pay the sum allowed by commissioners, which was made after the proceedings of the county court had been certified to him, was utterly void.

As we find there are such records as are alleged in the two first pleas, which decides the cause for the defendants, it is of no use to speak of the third plea.

Judgment of county court affirmed.